IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| GEORGE FOWLER and § | | |
| CRISTINA FOWLER § | | PLAINTIFFS |
| § | | |
| V. § | Civil No.1:06CV489-HSO-RHW | |
| § | | |
| STATE FARM FIRE & § | | |
| CASUALTY COMPANY, § | | |
| HAAG ENGINEERING CO., and § | | |
| STEVE SAUCIER § | | DEFENDANTS |

**ORDER AND REASONS DENYING THE MOTION TO CHANGE
VENUE AND FOR AN EVIDENTIARY HEARING OF DEFENDANTS
STATE FARM FIRE AND CASUALTY COMPANY AND STEVE SAUCIER**

BEFORE THE COURT is the Motion of Defendants State Farm Fire and Casualty Company and Steve Saucier ["Defendants"] for Change of Venue and for an Evidentiary Hearing ["Motion"] [170-1], pursuant to 28 U.S.C. § 1404 and Rule 7.2(F) of the UNIFORM LOCAL RULES OF THE UNITED STATES DISTRICT COURTS FOR THE NORTHERN DISTRICT OF MISSISSIPPI AND THE SOUTHERN DISTRICT OF MISSISSIPPI, filed in the above-captioned cause on October 15, 2007.

The Court, in its discretion, does not find that an evidentiary hearing would be necessary or helpful in deciding the present Motion.  Pursuant to Uniform Local Rule 7.2(F)(1), the Court shall decide the Motion without a hearing or oral argument.

Section 1404 of Title 28 of the United States Code reads as follows:

(a)  For the convenience of parties and witnesses, in the interest of justice, *a district court may transfer any civil action to any other district or division where it might have been brought.*

> (b) Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, *from the division in which pending to any other division in the same district.* Transfer of proceedings in rem brought by or on behalf of the United States may be transferred under this section without the consent of the United States where all other parties request transfer.
> (c) A district court may order any civil action to be tried at any place within the division in which it is pending.
> (d) As used in this section, the term "district court" includes the District Court of Guam, the District Court for the Northern Mariana Islands, and the District Court of the Virgin Islands, and the term "district" includes the territorial jurisdiction of each such court.

28 U.S.C. § 1404 (emphasis added).

In their Motion, Defendants ask that the trial of this action be moved to the Western Division of the Northern District of Mississippi. Because Defendants ask for the action to be moved to a different *district* than the one in which it is now pending, only section 1404(a) would be applicable.

"The burden is on the party seeking the transfer to establish by a preponderance of the evidence, that the transfer should be made." *Wells v. Greyhound Lines, Inc.*, 2002 WL 1610902, *3 (S.D. Miss. June 25, 2002) (internal citations omitted). "In determining whether to transfer venue in a particular case, the court must exercise its discretion in light of the particular circumstances of the parties and the circumstances of the case." *Id.* (internal citations omitted). "The district court has broad discretion in deciding whether to order a transfer." *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir.1987) (internal

citations omitted).

Fifth Circuit precedent directs that, in applying the provisions of section 1404(a), "the first determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). In this case, the record does not support a finding that this action could have been properly filed in the United States District Court for the Northern District of Mississippi.

This case was originally filed in this Court on May 16, 2006, invoking solely this Court's diversity jurisdiction. The Complaint named four Defendants– State Farm Fire & Casualty Company ["State Farm"], Edward B. Rust, Jr. ["Rust"], Haag Engineering ["Haag"], and Steve Saucier ["Saucier"]. Plaintiffs alleged that they were residents of Orleans Parish, Louisiana, and the allegations in the Complaint related to Plaintiffs' property located in Pass Christian, Mississippi, which is in the Southern District of Mississippi. *See* Compl., at ¶¶ 1, 8, 9. Plaintiffs also asserted that State Farm was an Illinois corporation, that Rust was a resident of Illinois, that Saucier was a resident of Mississippi with his place of business in Pass Christian, Mississippi, in the Southern District of Mississippi, and that Haag was a Texas corporation.

In determining proper venue, section 1391(a) of Title 28 of the United States Code reads as follows:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside

3

in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

After reviewing the Complaint, the Court is of the opinion that this cause of action could not have originally been brought in the Northern District of Mississippi, Western Division. Defendants' Motion must therefore be denied.

Defendants also claim that they "are entitled under the Seventh Amendment and the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution to 'an impartial jury free from outside influences.'" *See* Mem. Brief in Supp. of Defs.' Mot. to Change Venue and for Evidentiary Hearing, at p. 17. The Court is of the opinion that neither considerations of "the interest of justice" pursuant to section 1404(a), nor the Constitutional provisions cited above, dictate that this case be transferred.

In considering a motion to transfer venue pursuant to section 1404(a), the Court must consider "all relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (*quoting* 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3847, at 370 (1986)).

In evaluating whether or not on balance the litigation would more

conveniently proceed in a different forum, the Court must consider various private and public interests. *See In re Volkswagen AG*, 371 F.3d at 203. The private concerns include: (1) plaintiff's choice of forum; (2) the relative ease of access to sources of proof; (3) the availability of compulsory process to secure the attendance of witnesses; (4) the cost of attendance for willing witnesses; and (5) all other practical problems that make trial of a case easy, expeditious and inexpensive. *See id.* The public concerns are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or the application of foreign law. *See id.*

A strong presumption exists in favor of a plaintiff's choice of forum, which may be overcome only when the private and public interest factors clearly point toward trial in the alternative forum. *See Schexnider v. McDermott Int'l, Inc.*, 817 F.2d 1159, 1163 (5th Cir. 1987) (*citing Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6 (1981)).

In support of their Motion, Defendants have submitted the affidavits of Dr. Kent Tedin and Dr. Edward J. Bronson. Defendants' contentions are that a fair and impartial jury cannot be drawn from the pool of jurors available in the Southern District of Mississippi, and that the publicity surrounding the issues to be tried is so pervasive that the selection of a fair and impartial jury is not possible.

However, a number of other cases have already been tried in this division involving the same or similarly-situated parties and very similar issues, including *Broussard v. State Farm Fire and Casualty Company*, Civil Action No. 1:06cv006, *Gemmill v. State Farm Fire and Casualty Company*, Civil Action No. 1:05cv692, and *Webster v. USAA Casualty Insurance Company*, Civil Action No. 1:05cv715. Based on the experience this division has had with these and other cases, the Court is of the opinion that a fair and impartial jury can be drawn from the pool of jurors available in this district. *See Waterman v. State Farm Fire and Cas. Co.*, 2007 WL 2893653 (S.D. Miss. October 2, 2007). After a careful review of the parties' submissions and the relevant law, the Court is of the opinion that the balance of private and public interests do not clearly point toward trial in an alternate forum.

While the Court is sensitive to the issues Defendants have raised, and it will conduct the *voir dire* examination of the potential jurors in this case with attention to the concerns that underlie Defendants' Motion, the Court is also sensitive to the additional expenses the parties would be likely to incur if this case were not tried locally.

After reviewing the relevant pleadings and arguments on file, and after weighing the considerations presented pursuant to 28 U.S.C. §1404(a), the Court is of the opinion that a change of venue is not necessary to assure a fair trial in this action.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons more fully stated herein, the Motion of Defendants State Farm Fire and Casualty

Company and Steve Saucier to Change Venue [170-1] must be, and is, hereby

**DENIED**.

    **SO ORDERED AND ADJUDGED**, this the 5th day of December, 2007.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE