IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| GEORGE FOWLER and § | | |
| CRISTINA FOWLER § | | PLAINTIFFS |
| § | | |
| V. § | Civil No.1:06CV489-HSO-RHW | |
| § | | |
| STATE FARM FIRE & § | | |
| CASUALTY COMPANY, § | | |
| HAAG ENGINEERING, and § | | |
| STEVE SAUCIER § | | DEFENDANTS |

<u>**ORDER AND REASONS DENYING IN PART AND GRANTING IN PART
DEFENDANT HAAG ENGINEERING'S
MOTION FOR SUMMARY JUDGMENT**</u>

BEFORE THE COURT is the Motion for Summary Judgment of Defendant Haag Engineering ["Haag"], filed October 15, 2007 [165-1], in the above-captioned cause. Plaintiffs George and Cristina Fowler [collectively, "Plaintiffs"] filed a Response Memorandum [203-1], which incorporated by reference their Response Memorandum [206-1] in Opposition to the Motion for Partial Summary Judgment of Defendants State Farm Fire & Casualty Company ["State Farm"] and Steve Saucier ["Saucier"], and Haag filed a Reply [211-1].

After consideration of the submissions and the relevant legal authorities, the Court finds that Haag's Motion for Summary Judgment [165-1] must be denied in part and granted in part.

I. <u>FACTS AND PROCEDURAL HISTORY</u>

According to Plaintiffs, they purchased a homeowners' insurance policy for their vacation home and personal property ["Property"] in Pass Christian,

Mississippi, from Defendant State Farm Fire & Casualty Company ["State Farm"], over 14 years ago. *See* Compl., at ¶ 9; Pls.' Mem. in Opp'n to Haag's Mot. for Summ. J., at p. 2.  On August 29, 2005, their Property was completely destroyed by Hurricane Katrina.  *See id*. at ¶ 16.  Plaintiffs made a claim under the homeowners' policy.  *See* Compl.*,* at ¶¶ 17-19.  State Farm offered the full amount of Plaintiffs' flood policy on September 26, 2005, a total of $158,600, which included $24,500 for contents coverage, and which Plaintiffs eventually accepted.  State Farm issued and administered the flood policy under the National Flood Insurance Program.  *See* Pls.' Mem. in Opp'n to Haag's Mot. for Summ. J., at p. 2.  State Farm reported to Plaintiffs that water damage was excluded from Plaintiffs' homeowners' policy in a letter dated October 4, 2005.  *See id*. at ¶¶ 19-21, 24.

In a letter dated October 26, 2005, from Brenda Emmons ["Emmons"], Plaintiffs were told that "there [was] a question of the extent of damage that was caused by wind . . . [State Farm has] engaged a structural engineer to inspect the loss location to assist us in our determination of causation."  *See* Pls.' Mem. in Opp'n to Haag's Mot. for Summ. J., at p. 15 (*quoting* Brenda Emmons Letter, Ex. "10" to Pls.' Mem. in Opp'n to Haag's Mot. for Summ. J.).

State Farm hired Haag to inspect the remains of Plaintiffs' Property and surrounding debris field.  *See* Compl.*,* at ¶¶ 27-29.  The inspection occurred on November 8, 2005, and the resulting Haag Engineering Report was dated November 14, 2005.  *See* Engineering Report, attached as Ex. "2" to Complaint.  The Engineering Report concluded that storm surge caused the damage to Plaintiffs'

Property.  *See* Compl., at ¶¶ 27-29;  Engineering Report, at p. 3, attached as Ex. "2" to Compl.

Plaintiffs contend that they did not, and have not, received any payments from State Farm under their homeowners' insurance policy.  *See* Pls.' Mem. in Opp'n to Haag's Mot. for Summ. J., at pp. 2-3.  They maintain that they have suffered losses of $713,543 as the replacement value of their home, and of $180,000 in contents of that home.  *See* Pls.' Mem. in Opp'n to Haag's Mot. for Summ. J., at p. 2.

On May 16, 2006, Plaintiffs filed their Complaint against Defendants Haag, Saucier, State Farm, and Edward B. Rust, Jr. ["Rust"], seeking equitable and monetary relief, including compensatory and punitive damages, attorneys' fees and expenses, Court costs and expenses, and pre-judgment and post-judgment interest.  *See* Compl., at ¶ 102.  Pursuant to the Court's September 19, 2006, Order [29-1], Rust was dismissed from this case, leaving Haag, Saucier, and State Farm as Defendants.

## II. DISCUSSION

A.   Summary Judgment Standard

Federal Rule of Civil Procedure 56 permits any party to a civil action to move for summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law.  *See* FED. R. CIV. P. 56.

A party seeking summary judgment bears the initial burden of identifying

those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *See id.* at 324-25. The non-moving party may not rest upon mere allegations or denials in its pleadings, but must set forth specific facts showing the existence of a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256-57 (1986).

B.    <u>Plaintiffs' Claims against Haag</u>

Plaintiffs assert claims of fraud/conspiracy to defraud, breach of fiduciary duty, and misrepresentation against Haag. *See* Compl., at ¶¶ 42-47, 49. Specifically, they allege that Haag worked under the influence of State Farm to deprive policyholders, including themselves, of their rights, and that Haag arbitrarily declared their claim a flood loss in order to limit the coverage owed them by State Farm and thereby permit State Farm to pay their claim, at least in part, with money from the United States Government under the flood policy. *See id.* at ¶¶ 42-43. Plaintiffs contend that Haag conspired with State Farm to issue the Engineering Report, which Plaintiffs assert was bogus, fraudulent, and unsubstantiated, and which purportedly damaged Plaintiffs because they were not paid under their homeowners' policy. *See id.* at ¶¶ 44, 47. Plaintiffs further contend that Haag has a history of working with State Farm to issue false reports favorable to State Farm, to the detriment of policyholders. *See id.* at ¶ 45. They

insist that Haag owed them a fiduciary duty, which it breached, and that Haag misrepresented the cause of the loss of their Property. *See id.* at ¶ 49.

The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1332. Because this is a diversity case, the Court must apply the substantive law of Mississippi. *See Nationwide Mut. Ins. Co. v. Lake Caroline, Inc.*, 515 F.3d 414, 419 (5th Cir. 2008) (internal citations omitted).

>    1.    **Breach of Fiduciary Duty**

In Mississippi, a fiduciary relationship may arise where (1) the activities of the parties go beyond their operating on their own behalf, and the activities are for the benefit of both; (2) the parties have a common interest and profit from the activities of the other; (3) the parties repose trust in one another; and (4) one party has dominion or control over the other. *See Dominquez v. Palmer*, 2007 WL 4170848, *5 (Miss. Ct. App. November 27, 2007) (*citing Robley v. Blue Cross/Blue Shield,* 935 So. 2d 990, 995 (Miss. 2006)). Ordinarily a fiduciary relationship is not imposed upon contracting parties. *See id.* (*citing Robley*, 935 So. 2d at 994-95).

The Mississippi Supreme Court has stated that it considers a number of factors in determining whether a fiduciary relationship exists in a commercial transaction, including whether (1) the parties have shared goals in each other's commercial activities; (2) one of the parties places justifiable confidence or trust in the other party's fidelity; and (3) the trusted party exercises effective control over the other party. *See Hartman v. McInnis*, 2007 WL 4200613, *3 (Miss. November 29, 2007) (internal citations omitted).

An engineering company such as Haag acts in the capacity of an adjuster or administrative agent with respect to a plaintiff's claim.  *See Gagne v. State Farm Fire and Casualty Co.,* 2008 WL 660437, *1 (S.D. Miss. February 6, 2008).  An adjuster employed by an insurer, and who is not a party to the agreement for insurance, is not subject to any implied duty of good faith and fair dealing with respect to the insured.  *See Bass v. California Life Ins. Co.,* 581 So. 2d 1087, 1090 (Miss. 1991).  There is no evidence in the record that Haag is or was a party to the insurance contract between State Farm and Plaintiffs, and it cannot be disputed that there was no contract between Haag and Plaintiffs.  There is no evidence that either party exercised dominion or control over the other.  In short, there is insufficient evidence in the record to support a finding that all of the elements necessary to support the existence of a fiduciary relationship as between Haag and Plaintiffs are present here.  Therefore, Haag would owe Plaintiffs no fiduciary duty as a matter of law.

Plaintiffs argue that they have some ownership interest in State Farm.  *See* Pls.' Mem. in Opp'n to Haag's Mot. for Summ. J., at pp. 21-23.  By this reasoning, Plaintiffs have a different relationship with Haag than a typical insured, since by virtue of their ownership interest in State Farm, Haag was effectively working for Plaintiffs.  *See id.*  Even if Plaintiffs stood in State Farm's place due to their status as shareholders in the corporation, there is insufficient evidence to support the conclusion that the commercial transaction between Haag and State Farm would

rise to the level sufficient to impose a fiduciary relationship between Haag and State Farm.  Under Mississippi law, arms-length business transactions do not create a fiduciary relationship between contracting parties.  *See, e.g., Hartman v. McInnis,* --- So. 2d ---, 2007 WL 4200613, *2 (Miss. Nov. 29, 2007); *Dominquez v. Palmer,* 970 So. 2d 737, 742 (Miss. Ct. App. 2007); *Frye v. Am. Gen. Fin., Inc.*, 307 F. Supp. 2d 836, 842 (S.D. Miss. 2004).  Construing all relevant facts in Plaintiffs' favor, Plaintiffs cannot state a claim for breach of fiduciary duty against Haag.  Summary judgment as to this claim is appropriate.

    **2.**    **Misrepresentation**

In Mississippi, a plaintiff may recover under a theory of negligent misrepresentation or fraudulent/intentional misrepresentation.  Because Plaintiffs do not specify in their Complaint which theory they are pursuing, the Court will analyze their claims against Haag under both theories.

    **a.**    **Negligent Misrepresentation**

To recover on a cause of action based on *negligent* misrepresentation, a plaintiff must prove by a preponderance of the evidence (1) a misrepresentation or omission of a fact; (2) that the representation or omission is material or significant; (3) failure to exercise reasonable care on the part of the defendant; (4) reasonable reliance on the misrepresentation or omission; and (5) damages as a direct result of such reasonable reliance.  *See Levens v. Campbell*, 733 So. 2d 753, 762 (Miss. 1999) (internal citations omitted).

An adjuster, such as Haag in this case, is not liable for simple negligence in adjusting a claim. *See Bass v. California Life Ins. Co.*, 581 So. 2d 1087, 1090 (Miss. 1991). "He can only incur independent liability when his conduct constitutes gross negligence, malice, or reckless disregard for the rights of the insured." *Id.* at 1090 (*quoting Dunn v. State Farm Fire & Casualty Co.*, 711 F. Supp. 1359, 1361 (N.D. Miss. 1987) (internal citations omitted)). Therefore, only grossly negligent misrepresentations would be actionable against Haag. In this case, Plaintiffs themselves contend that they have not pled or alleged any negligence claims against Haag. *See* Pls.' Mem. in Opp'n to Haag's Mot. for Summ. J., at pp. 1-2. Thus, the Court need not address this claim any further, as Plaintiffs essentially concede that they are not attempting to state a claim for negligent misrepresentation against Haag.

### b.  Fraudulent Misrepresentation

As Mississippi courts have recognized, the elements of intentional misrepresentation are identical to the elements of fraud, and both must be proved by clear and convincing evidence. *See Gallegos v. Mid-South Mortgage & Investment, Inc.*, 956 So. 2d 1055, 1059 (Miss. Ct. App. 2007) (*citing Southeastern Med. Supply v. Boyles, Moak & Brickell Ins.*, 822 So. 2d 323, 330 (Miss. Ct. App. 2002)). A claim of intentional or fraudulent misrepresentation, or of fraud, requires a plaintiff to prove by clear and convincing evidence the following elements:

> (1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) his intent that it

> should be acted on by the hearer and in the manner reasonably contemplated, (6) the hearer's ignorance of its falsity, (7) his reliance on its truth, (8) his right to rely thereon, and (9) his consequent and proximate injury.

*McCord v. Healthcare Recoveries, Inc.,* 960 So. 2d 399, 406 (Miss. 2007) (*quoting Franklin v. Lovitt Equip. Co., Inc.,* 420 So. 2d 1370, 1373 (Miss. 1982) (internal citations omitted)); *see Qualcomm Inc. v. American Wireless License Group, LLC,* 2007 WL 3378563, *9 (Miss. November 15, 2007) (*quoting Holland v. Mayfield*, 826 So. 2d 664, 674 (Miss. 1999) (internal citations omitted)).

All of Plaintiffs' misrepresentation claims against Haag relate to its allegedly fraudulent Engineering Report. Plaintiffs contend that Haag's Engineering Report was not actually intended to determine the extent of damage caused by wind, and thus misrepresented its purported scope and purpose. Plaintiffs allege that the Report fraudulently concluded that their house was destroyed by storm surge/wave action rather than by wind damage. Plaintiffs also maintain that the Report falsely indicated that an engineer licensed in Mississippi inspected their house and wrote the Report.

The Engineering Report at issue, dated November 14, 2005, is in letter format and is addressed as follows:

> State Farm Insurance Company
> 1909 East Pass Road
> Gulfport, Mississippi 39507
>
> Attention: Ms. Dian Carpenter

Engineering Report, at p. 2, attached as Ex. "2" to Compl.

The Report states, in relevant part, that "[t]his engineering report has been written to the addressee for your sole use and purpose and is not for the use of any

other person, firm, or corporation." Engineering Report, at p. 2, attached as Ex. "2" to Complaint. Even assuming that Haag knew that the Engineering Report contained fraudulent and material misrepresentations and that Haag intended that the representation should be acted upon by Plaintiffs and in the manner reasonably contemplated, and further assuming that Plaintiffs were ignorant of the Report's falsity and relied on it, as a matter of law, Plaintiffs had no legal right to rely on the Report. Plaintiffs were clearly not an addressee, and the Report explicitly stated that it was not for the use of others besides State Farm.

Even accepting Plaintiffs' position that they stand in the shoes of State Farm due to their purported ownership interest in the company, *see* Section II.B.1 above (*citing* Pls.' Mem. in Opp'n to Haag's Mot. for Summ. J., at pp. 21-23), and were somehow implied or constructive addressees of the Report, there is insufficient evidence in the record of any detrimental reliance by Plaintiffs upon the allegedly fraudulent statements in the Engineering Report. Instead, Plaintiffs state in their Complaint that the Report was "flimsy," "could have been written by a fifth grader and is devoid of facts, or engineering analysis." Compl., at ¶ 27. Plaintiffs hired their own structural engineer who determined that wind was the cause of the destruction of the principal floors of their home within seven (7) weeks of Haag writing the Report, within one (1) month of State Farm providing the Report to Plaintiffs, and over five (5) months before filing the Complaint in this action. *See*

Compl., at ¶¶ 29-30.[1]  In short, there is insufficient evidence in the record to support the conclusion that Plaintiffs themselves ever actually relied on the Engineering Report.

Construing all facts in Plaintiffs' favor for the purposes of this Motion, the Court is of the opinion that Plaintiffs cannot state a claim directly against Haag for fraudulent misrepresentation as a matter of law.  *See McCord,* 960 So.2d at 406.

### 3. Fraud/Conspiracy to Defraud

In Count II of their Complaint, Plaintiffs assert a fraud claim against Haag and State Farm.  Plaintiffs allege that Haag conspired with State Farm to defraud them.  *See* Compl., at ¶¶ 41-47; Pls.' Mem. in Opp'n to Haag's Mot. for Summ. J., at p. 6.  "Under Mississippi law, '[a] conspiracy is a combination of persons for the purpose of accomplishing an unlawful purpose or a lawful purpose unlawfully.'" *Gallagher Bassett Services, Inc. v. Jeffcoat*, 887 So. 2d 777, 786 (Miss. 2004) (*quoting Levens v. Campbell*, 733 So. 2d 753, 761 (Miss. 1999)).  The elements of a *prima facie* case of civil conspiracy in Mississippi are: (1) two or more persons or corporations; (2) an object to be accomplished; (3) a meeting of the minds on the

---

[1] While the record does not reflect exactly when Plaintiffs first saw the Haag Engineering Report or when Plaintiffs actually retained their proffered expert, structural engineer Ivan Mandich, the time frame from the date of the Report to the date of Mr. Mandich's first inspection was exactly 7 weeks.  There is no dispute that the Haag Report was dated November 14, 2005, and that Plaintiffs' proffered expert Ivan Mandich first inspected the Property on January 2, 2006.  *See* Engineering Report, at p. 1, attached as Ex. "2" to Complaint; Report of Ivan Mandich, at p. 1, attached as Ex. "J" to Haag's Mot. for Summ. J.  Plaintiffs contend in their Complaint that State Farm sent them a letter dated December 2, 2005, stating that State Farm believed Plaintiffs' Property was damaged by waves and tidal surge, wherein State Farm relied, at least in part, on Haag's findings, and which included a copy of the Report.  *See* Compl., at ¶ 27; Letter of December 2, 2005 [169-6], at p. 2, attached as Ex. "E" to Steve Saucier and State Farm's Mot. for Partial Summ. J.

object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result. *See Cooper Tire & Rubber, Co. v. Farese*, 423 F.3d 446, 459 (5th Cir. 2005) (*quoting Gallagher Bassett Servs., Inc. v. Jeffcoat*, 887 So. 2d 777, 786 (Miss. 2004)). Regarding the requirement of a meeting of the minds, it is imperative that a plaintiff asserting a cause of action for conspiracy prove that the parties had an agreement, either to accomplish an unlawful purpose or to accomplish a lawful purpose unlawfully. *See Gallagher Bassett Services, Inc.*, 887 So. 2d at 786 (*citing Brown v. State*, 796 So. 2d 223, 226-27 (Miss. 2001)). As stated earlier, the elements of fraud must be proven by clear and convincing evidence. *See Levens,* 733 So. 2d at 761.

There is no dispute that Haag and the State Farm defendants are separate entities. *See* Def. Haag's Mem. in Supp. of its Mot. for Summ. J., at p. 10. As for the object to be accomplished, Plaintiffs allege that State Farm retained 14 years' of premiums paid for their homeowners' insurance policy and then denied their claim through the use of the purportedly fraudulent Engineering Report. *See* Pls.' Mem. in Opp'n to Haag's Mot. for Summ. J., at p. 6.

Plaintiffs maintain that the requisite unlawful and overt act was Haag's issuance of a purportedly fraudulent and misleading Engineering Report related to Plaintiffs' Property. *See id.* Plaintiffs assert that they were defrauded of their premiums, the proceeds of their homeowners' insurance policy, and the fees and costs associated with this litigation. *See id.*

Disputed questions of material fact remain with respect to Plaintiffs' conspiracy to defraud claim.  These disputed questions include, but are not limited to, whether there was an agreement between State Farm and Haag, either to accomplish an unlawful purpose or to accomplish a lawful purpose unlawfully, and whether there were one or more unlawful overt acts by Haag and/or State Farm.

Reviewing the evidence presented in the light most favorable to the non-moving parties and resolving all doubt in their favor, there are genuine disputes of material fact as to Plaintiffs' conspiracy to defraud claim against Haag.  As such, summary judgment would not be appropriate.  *See* FED. R. CIV. P. 56.

### III. CONCLUSION

The Court has considered the parties' submissions, the record, and the relevant legal authorities, and concludes that Defendant Haag's Motion for Summary Judgment must be denied in part and granted in part.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated herein, Haag Engineering's Motion for Summary Judgment [165-1] should be and is hereby **GRANTED IN PART**, insofar as Plaintiffs assert claims of misrepresentation and breach of fiduciary duty against Haag.  Plaintiffs' claims of misrepresentation and breach of fiduciary duty against Haag are hereby dismissed with prejudice.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, for the reasons stated herein, Haag Engineering's Motion for Summary Judgment [165-1] should be

and is hereby **DENIED IN PART**, insofar as Plaintiffs' assert a claim of conspiracy to defraud against Haag.  This claim will proceed to trial.

  **SO ORDERED AND ADJUDGED**, this the 20th day of March, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE
