IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| GEORGE FOWLER and § | | |
| CRISTINA FOWLER § | | PLAINTIFFS |
| § | | |
| V. § | Civil No.1:06CV489-HSO-RHW | |
| § | | |
| STATE FARM FIRE & § | | |
| CASUALTY COMPANY, § | | |
| HAAG ENGINEERING, and § | | |
| STEVE SAUCIER § | | DEFENDANTS |

**ORDER AND REASONS DENYING THE MOTION FOR PARTIAL
SUMMARY JUDGMENT OF DEFENDANTS STEVE SAUCIER
AND STATE FARM FIRE & CASUALTY COMPANY**

BEFORE THE COURT is the Motion for Partial Summary Judgment as to Plaintiffs' Fraud-Based Claims and Misrepresentation Claims of Defendants Steve Saucier ["Mr. Saucier"] and State Farm Fire & Casualty Company ["State Farm"], filed October 15, 2007 [167-1], in the above-captioned cause. Plaintiffs George and Cristina Fowler [collectively, "Plaintiffs"] filed a Memorandum in Opposition [225-1],[1] and State Farm filed a Reply [216-1].

After consideration of the submissions and the relevant legal authorities, the Court finds that Saucier and State Farm's Motion for Summary Partial Judgment as to Plaintiffs' Fraud-Based Claims and Misrepresentation Claims [167-1] must be denied.

---

[1] Plaintiffs' original Memorandum in Opposition [206-1] was filed on November 8, 2007; however, after this Court granted Plaintiffs' Motion for Leave to Amend Their Memorandum in Opposition on February 8, 2008, Plaintiffs filed an amended Memorandum in Opposition [225-1].

I. FACTS AND PROCEDURAL HISTORY

According to Plaintiffs, they purchased a homeowners' insurance policy for their vacation home and personal property ["Property"] in Pass Christian, Mississippi, from Defendant State Farm Fire & Casualty Company ["State Farm"], over 14 years ago. *See* Compl., at ¶ 9; Pls.' Mem. in Opp'n to Mot. for Partial Summ. J., at p. 3.  On August 29, 2005, their Property was completely destroyed by Hurricane Katrina.  *See* Compl., at ¶ 16.  Plaintiffs made a claim under the homeowners' policy.  *See* Compl., at ¶¶ 17-19.  State Farm offered the full amount of Plaintiffs' flood policy on September 26, 2005, a total of $158,600, which included $24,500 for contents coverage, and which Plaintiffs eventually accepted.  *See* Pls.' Mem. in Opp'n to Mot. for Partial Summ. J., at p. 5.  State Farm issued and administered the flood policy under the National Flood Insurance Program.  *See* Pls.' Mem. in Opp'n to Mot. for Partial Summ. J., at p. 27 n.78.  State Farm denied coverage under the homeowners' policy because it determined that the damage was caused by water, rather than wind.  State Farm reported to Plaintiffs that water damage was excluded from Plaintiffs' homeowners' policy in a letter dated October 4, 2005.  *See* Compl., at ¶¶ 19-21, 24.

In a letter dated October 26, 2005, from Brenda Emmons ["Emmons"], Plaintiffs were told that there was a question of the extent of damage that was caused by wind and that State Farm had engaged a structural engineer to inspect the loss location to assist in its determination of causation.  *See* Brenda Emmons Letter, Ex. "D" to Pls.' Mem. in Opp'n to Mot. for Partial Summ. J.

State Farm hired Defendant Haag Engineering ["Haag"] to inspect the remains of Plaintiffs' Property and surrounding debris field.  *See* Compl.*,* at ¶¶ 27-29.  The inspection was conducted on November 8, 2005, and the resulting Haag Engineering Report was dated November 14, 2005.  *See* Engineering Report, attached as Ex. "2" to Complaint.  The Engineering Report concluded that storm surge caused the damage to Plaintiffs' Property.  *See* Compl., at ¶¶ 27-29; Engineering Report, at p. 3, attached as Ex. "2" to Compl.

Plaintiffs contend that they did not, and have not, received any payments from State Farm under their homeowners' insurance policy.  *See* Pls.' Mem. in Opp'n to Mot. for Partial Summ. J., at pp. 2-3, 5.  They maintain that they have suffered losses of $713,543 as the replacement value of their home, and of $180,000 in contents of that home.  *See* Pls.' Mem. in Opp'n to Mot. for Partial Summ. J., at p. 5.

On May 16, 2006, Plaintiffs filed suit against Defendants Haag, Saucier, State Farm, and Edward B. Rust, Jr. ["Rust"], seeking equitable and monetary relief, including compensatory and punitive damages, attorneys' fees and expenses, Court costs and expenses, and pre-judgment and post-judgment interest.  *See* Compl., at ¶ 102.  Pursuant to the Court's September 19, 2006, Order [29-1], Rust was dismissed from this case, leaving Haag, Saucier, and State Farm as Defendants.

II. DISCUSSION

A.   Summary Judgment Standard

Federal Rule of Civil Procedure 56 permits any party to a civil action to move for summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law.  *See* FED. R. CIV. P. 56.

A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).  Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *See id.* at 324-25.  The non-moving party may not rest upon mere allegations or denials in its pleadings, but must set forth specific facts showing the existence of a genuine issue for trial.  *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256-57 (1986).

B.   Genuine Questions of Material Fact

Among other claims, Plaintiffs assert causes of action for misrepresentation against Mr. Saucier and fraud against State Farm.  With this Motion for Partial Summary Judgment, Mr. Saucier and State Farm seek summary judgment as to Plaintiffs' fraud-based and misrepresentation claims.

Plaintiffs allege that Mr. Saucier misrepresented (a) the maximum amount of flood insurance coverage available to Plaintiffs, (b) the amount of homeowners'

coverage actually procured on their home, and (c) the type or extent of coverage procured for their home in relation to hurricanes.

In order to establish a fraudulent misrepresentation, the elements of fraud must be proven. *See Levens v. Campbell,* 733 So. 2d 753, 761 (Miss. 1999). These elements, which must be proven by clear and convincing evidence, include: 1) a representation; 2) its falsity; 3) its materiality; 4) the speaker's knowledge of its falsity or ignorance of its truth; 5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; 6) the hearer's ignorance of its falsity; 7) his reliance on its truth; 8) his right to rely thereon; and 9) his consequent and proximate injury. *See id.*

To recover on a cause of action for negligent misrepresentation, Plaintiffs must prove by a preponderance of the evidence (1) a misrepresentation or omission of a fact; (2) that the representation or omission is material or significant; (3) failure to exercise reasonable care on the part of the defendant; (4) reasonable reliance on the misrepresentation or omission; and (5) damages as a direct result of such reasonable reliance. *See id.* at 762 (internal citations omitted).

The Fifth Circuit has made it clear that "a party's reliance on representations by an insurance agent that contradict the policy language is unreasonable." *Leonard v. Nationwide Mut. Ins. Co.*, 499 F.3d 419, 438 (5th Cir. 2007) (*citing Ross v. Citifinancial, Inc.*, 344 F.3d 458, 464 (5th Cir. 2003)). According to the Fifth Circuit, policyholders, such as Plaintiffs in this case, have an affirmative duty to read the policy in question. *See Leonard*, 499 F.3d at 438 (*citing Smith v. Union*

*Nat'l Life Ins. Co.*, 286 F. Supp. 2d 782, 788 (S.D. Miss. 2003); *Gulf Guar. Life Ins. Co. v. Kelley*, 389 So. 2d 920, 922 (Miss. 1980)). In this case, Mr. Fowler testified that he had not read the policy as of the date of his deposition, on July 31, 2007. *See* Dep. of George J. Fowler, III, at p. 217, attached as Ex. "K" to Mot. for Partial Summ. J. The Fifth Circuit has held that "[w]hether the policy was read or not, however, constructive knowledge of its contents is imputed to the policyholder." *Leonard*, 499 F.3d at 438 (*citing Ross*, 344 F.3d at 464 (internal citation omitted)).

Nevertheless, "[u]nder applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care, and this includes the duty to procure the coverages requested." *Perez v. Allstate Ins. Co.*, 2007 WL 955725, *2 (S.D. Miss. March 28, 2007) (*citing Lovett v. Bradford*, 676 So. 2d 893 (Miss. 1996); *First United Bank of Poplarville v. Reid,* 612 So. 2d 1131 (Miss. 1992); *McKinnon v. Batte*, 485 So. 2d 295 (Miss. 1986)). "Thus, an insurance agent who undertakes to give his advice concerning the coverages an insured should purchase in circumstances where the advice is reasonably relied upon by the prospective insured may incur liability if the advice is the product of a failure on the part of the agent to exercise reasonable care." *Id.*

Plaintiffs assert that State Farm defrauded or conspired to defraud them. "A conspiracy is a combination of persons for the purpose of accomplishing an unlawful purpose or a lawful purpose unlawfully." *Levens v. Campbell*, 733 So. 2d 753, 761

(Miss. 1999) (*quoting Shaw v. Burchfield*, 481 So. 2d 247, 255 (Miss. 1985) (internal citation omitted)).  The elements of a *prima facie* case of civil conspiracy in Mississippi are: (1) two or more persons or corporations; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result.  *See Cooper Tire & Rubber, Co. v. Farese*, 423 F.3d 446, 459 (5th Cir. 2005) (*quoting Gallagher Bassett Servs., Inc. v. Jeffcoat*, 887 So. 2d 777, 786 (Miss. 2004)).  Regarding the requirement of a meeting of the minds, it is imperative that a plaintiff asserting a cause of action for conspiracy prove that the parties had an agreement, either to accomplish an unlawful purpose or to accomplish a lawful purpose unlawfully.  *See Gallagher Bassett Services, Inc.*, 887 So. 2d at 786 (*citing Brown v. State*, 796 So. 2d 223, 226-27 (Miss. 2001)).  As stated earlier, the elements of fraud must be proven by clear and convincing evidence.  *See Levens,* 733 So. 2d at 761.

Reviewing the evidence presented in the light most favorable to the non-moving parties and resolving all doubt in their favor, including any doubts regarding the admissibility of any evidence, as the Court must, the Court is of the opinion that there are genuine disputes of material fact as to Plaintiffs' fraud-based and misrepresentation claims against Defendants Mr. Saucier and State Farm. These disputes include, but are not limited to, whether Plaintiffs requested Mr. Saucier to procure additional coverage under their homeowners' insurance policy, whether Mr. Saucier misrepresented the amount of flood insurance coverage

available to Plaintiffs, whether State Farm made a material misrepresentation to Plaintiffs on which they relied, whether there was an agreement between State Farm and Haag, either to accomplish an unlawful purpose or to accomplish a lawful purpose unlawfully, and whether there were one or more unlawful overt acts by Haag and/or State Farm. As such, partial summary judgment, as requested by Defendants Mr. Saucier and State Farm in their Motion, would not be appropriate. *See* FED. R. CIV. P. 56.

### III. CONCLUSION

The Court has considered the parties' submissions, the record, and the relevant legal authorities, and concludes that material fact questions exist with respect to the Motion for Partial Summary Judgment of Defendants Mr. Saucier and State Farm. Therefore, their Motion must be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated herein, the Motion for Partial Summary Judgment as to Plaintiffs' Fraud-Based Claims and Misrepresentation Claims of Defendants Steve Saucier and State Farm Fire & Casualty Company [167-1], should be and is hereby **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 20th day of March, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE