IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| GEORGE FOWLER and  <br> CRISTINA FOWLER | § <br> § <br> § | PLAINTIFFS |
| V. | § <br> § | Civil No.1:06CV489-HSO-RHW |
| STATE FARM FIRE &  <br> CASUALTY COMPANY and  <br> STEVE SAUCIER | § <br> § <br> § | DEFENDANTS |

**ORDER AND REASONS DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER EXCLUDING PLAINTIFFS' EXPERT IVAN MANDICH**

BEFORE THE COURT is the Motion for Reconsideration [325-1] filed by Plaintiffs George and Cristina Fowler ["Plaintiffs"], in the above-captioned cause on June 6, 2008, asking the Court to reconsider its Order [321-1] of May 23, 2008, which granted Defendant State Farm Fire & Casualty Company's Motion to Exclude Expert Ivan Mandich [175-1]. Defendants State Farm Fire & Casualty Company ["State Farm"] and Steve Saucier filed a Response [330-1] on June 20, 2008. Having considered the parties' submissions, the record in this case and the relevant legal authorities, the Court finds that Plaintiffs' Motion for Reconsideration should be denied.

I. DISCUSSION

Under Federal Rule of Civil Procedure 59(e), there are "only three possible grounds for any motion for reconsideration: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent a manifest injustice." *Nationwide Mut. Fire*

*Ins. Co. v. Pham*, 193 F.R.D. 493, 494 (S.D. Miss. 2000) (*quoting Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S. D. Miss. 1990)).  Plaintiffs' Motion for Reconsideration seeks relief under the third prong of the aforementioned standard.  Plaintiffs contend that "this Court applied the wrong standard when it excluded Mr. Mandich." Mot., at p. 2.

The Court's decision to exclude Mr. Mandich was based upon, among other things, "Plaintiffs' procedural and substantive noncompliance with the Federal Rules of Civil Procedure and the Uniform Local Rules regarding disclosure and supplementation of expert testimony, as well as upon evidentiary grounds." Order Granting Mot. to Exclude, at p. 2.  As the Court noted during its bench ruling at the hearing and in its written Order, there was

> an admitted absence of any engineering calculations and/or tests performed by Mr. Mandich for the Fowlers' property, which is the property at issue in this case, an inadequate explanation and/or disclosure of the methodologies by which Mr. Mandich attempted to apply calculations performed for other properties to the Fowlers' property, which the Court finds by a preponderance of the evidence was not a reliable application of his methodology to the facts of this particular case, and a lack of sufficient indicia of reliability regarding the methodology and underlying data from which Mr. Mandich determined a replacement cost for the Fowlers' property.

Order Granting Mot. to Exclude, at p. 2.

As also stated in its Order, "[t]he Court remains of the opinion that Mr. Mandich's expert report and testimony in this case do not comport with the Federal Rules of Civil Procedure, the Uniform Local Rules, the Federal Rules of Evidence, or *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and its progeny." *Id.*

Before deciding to exclude Mr. Mandich, the Court reviewed the parties' briefs and submissions, and conducted an extensive *Daubert* hearing and heard exhaustive direct and cross examination of Mr. Mandich. In the Court's opinion, Mr. Mandich's proffered structural engineering causation and repair cost opinions in his written report, during his deposition, which is an exhibit to the *Daubert* hearing, and during the *Daubert* hearing itself, consisted of little more than his assurances that "it is so," which is not admissible expert testimony. *See Hathaway v. Bazany*, 507 F.3d 312, 318 (5th Cir. 2007) (stating that "the existence of sufficient facts and a reliable methodology is in all instances mandatory. '[W]ithout more than credentials and a subjective opinion, an expert's testimony that 'it is so' is not admissible.'") (*quoting Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 424 (5th Cir. 1987)).

As the United States Supreme Court has stated on multiple occasions, "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997); *see Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 157 (1999). In addition to the other reasons cited herein, when presented with the *ipse dixit*, or unsupported assertions, of Mr. Mandich, and with no reliable methodology, the Court was compelled to exclude him as an expert in this case.

Plaintiffs argue that "the Fifth Circuit has recognized that a qualified expert should be allowed to testify solely on the basis of his observations and photographs."

*See* Mot., at p. 3.  Plaintiffs cite *St. Martin v. Mobil Exploration & Producing U.S., Inc.*, 224 F.3d 402, 404-07 (5th Cir. 2000), and *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 247 (5th Cir. 2002), for the proposition that an expert should be allowed to testify based solely on his experience and personal observations.  The expert testimony in *St. Martin* related to marsh ecology and deterioration, and the expert testimony in *Pipitone* related to an epidemiology and infectious diseases specialist's first-hand observations and professional experience in translating observations into medical diagnoses.  The type of expert testimony at issue in those cases is clearly distinguishable from the structural engineering and repair cost conclusions offered by Mr. Mandich.

Even though the Fifth Circuit determined that, in cases such as *St. Martin* and *Pipitone*, not all of the *Daubert* factors were appropriate to consider, the Fifth Circuit nevertheless found the testimony in both cases reliable.  Such is not the case here.  *St. Martin* involved the question of whether oil companies' use of and failure to maintain their servitude canals had caused erosion and other damage to the freshwater flotant marsh ecosystem on the plaintiffs' property.  According to the Fifth Circuit, the plaintiffs' expert conducted an extended on-site observation of the marsh, from which he developed a theory regarding damage to a marsh from water flowing in and out of plaintiffs' marsh through gaps created in spoil banks flanking the oil companies' canals.  The expert visited the property on five occasions, examining both the damaged areas that were near spoil-bank gaps and two test or control areas that he had identified, which were bordered by intact spoil banks and

which did not have the same damage or erosion as the other areas near the gaps. The expert in *St. Martin* also had photographs of his direct observations of portions of vegetative mat being carried out of the gaps in the spoil banks as waves exited the marsh.  In *Pipitone,* the Fifth Circuit identified several bases for the expert's opinion and noted that the expert had methodically eliminated the alternative sources of the infection as viable possibilities.  Then, after doing so, he stated that he was "99.9%" sure of the source.  *See Pipitone*, 288 F.3d at 247-49.  Unlike the experts in *St. Martin* and *Pipitone*, the Court is of the opinion that there was no reliable methodology employed or disclosed by Mr. Mandich in this case.  There was also no direct observation by Mr. Mandich of the damage actually occurring, as in *St. Martin*.

Another case cited by Plaintiffs in support of their Motion best explains the distinction that should be drawn between the expert testimony in the aforementioned cases and Mr. Mandich's testimony in this case.  Plaintiffs quote *U.S. v. Simmons*, 470 F.3d 1115, 1123 (5th Cir. 2006), for the proposition that the Fifth Circuit "has held expert testimony admissible even though multiple *Daubert* factors were not satisfied...other indicia of reliability are considered under *Daubert*, including professional experience, education, training, and ***observations***."  Mot., at p. 3 (emphasis in original).  The next line of this Fifth Circuit opinion is most instructive.  It holds that

> [b]ecause there are areas of expertise, such as the social sciences in which the research, theories and opinions cannot have the exactness of hard science methodologies, trial judges are given broad discretion to

determine whether *Daubert*'s specific factors are, or are not, reasonable measures of reliability in a particular case.

*Simmons*, 470 F.3d at 1123 (internal quotations omitted).

The Court is of the opinion that structural engineering, the area in which Mr. Mandich was proffered as an expert in this case, is more akin to a hard science, and it is unpersuaded that it applied the wrong standard in excluding Mr. Mandich from testifying as an expert in this case. The Court remains convinced that it properly excluded Mr. Mandich from testifying as an expert for the reasons stated on the record at the conclusion of the hearing on May 22, 2008, and for the supplemental reasons stated in its Order of May 23, 2008.

## II.  CONCLUSION

After careful consideration of the instant Motion, the pleadings on file, and the relevant legal authorities, the Court finds that Plaintiffs have not shown that the Court committed a clear error in, or that manifest injustice will result from, its finding that Mr. Mandich should be excluded from testifying as an expert.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated herein, Plaintiffs' Motion for Reconsideration [325-1] filed June 6, 2008, should be and is hereby **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 2nd day of July, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE