IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| GEORGE FOWLER and § | | |
| CRISTINA FOWLER § | | PLAINTIFFS |
| § | | |
| V. § | | Civil No. 1:06CV489-HSO-RHW |
| § | | |
| STATE FARM FIRE & § | | |
| CASUALTY COMPANY and § | | |
| STEVE SAUCIER § | | DEFENDANTS |

**ORDER AND REASONS GRANTING IN PART AND
DENYING IN PART PLAINTIFFS' MOTIONS *IN LIMINE*** 

BEFORE THE COURT are the following Motions *in Limine* filed on March 12, 2008, by Plaintiffs George and Cristina Fowler ["Plaintiffs"] in the above-captioned cause: (1) to Exclude Reports and Testimony of State Farm Fire & Casualty Company's ["State Farm"] and Haag Engineering's Experts [228-1]; (2) to Exclude Any Expert Testimony Proffered by Timothy Marshall and/or Jim Wiethorn [230-1]; and (3) to Exclude Video Evidence [232-1].  Haag Engineering filed Memoranda in Opposition to these Motions *in Limine* [285-1], [284-1], and [286-1], respectively, but was subsequently dismissed from this suit.  Defendants State Farm and Steve Saucier filed separate Memoranda in Opposition [302-1],[303-1],[1] and [301-1], respectively, to each of Plaintiffs' Motions.  Plaintiffs filed Replies [311-1], [295-1], and [310-1], respectively, in support of each Motion.

---

[1] State Farm and Steve Saucier's Memorandum in Opposition [303-1] is a Joinder in Haag Engineering's Memorandum in Opposition [284-1] to Plaintiffs' Motion *in Limine* to Exclude Any Expert Testimony Proffered by Timothy Marshall and/or Jim Wiethorn

1. <u>Plaintiffs' Motion *in Limine* to Exclude Reports and Testimony of State Farm's and Haag Engineering's Experts</u>

Plaintiffs argue that the Court should exclude experts designated by Defendants from testifying at trial under Federal Rule of Evidence 402. Plaintiffs contend that none of the witnesses identified as experts by Defendants were relied upon at the time Defendants denied Plaintiffs' insurance claim. *See* Pls.' Mot. [228-1], at p. 2. Plaintiffs contend that the reasonableness of State Farm's "denial of [their] claim is 'based on information that the insurer had at the time the denial was made.'" Pls.' Mot. [228-1], at p. 2 (*quoting State Farm Mut. Auto. Ins. Co. v. Grimes*, 722 So. 2d 637, 644 (Miss. 1998)).

Because this case will be bifurcated, the Court is of the opinion that Defendants' expert testimony is relevant and admissible during the first phase of trial, regarding the question of the existence of coverage under Plaintiffs' homeowners' insurance policy. In the first phase, Plaintiffs will have to show that they were entitled to coverage under their homeowners' policy. The proffered expert testimony is clearly relevant to the issue of whether Plaintiffs' property suffered wind damage. Plaintiffs' Motion *in Limine* to Exclude Reports and Testimony of State Farm's and Haag Engineering's Experts will be denied as to the first phase of trial. *See* Fed. R. Evid. 401, 402.

If Plaintiffs prevail in the first phase, then the second phase will consist of determining whether the denial of coverage was in bad faith and whether Plaintiffs are entitled to recover punitive damages. It is unclear at this point whether the

proffered expert testimony may be relevant and probative in any second phase of trial. The testimony could arguably be relevant to determine the adequacy of State Farm's continuing investigation of Plaintiffs' claim after the initial denial.[2] At this juncture, the parties have not yet provided the Court with the reports or proffered opinions of these experts in order for it to be able to adequately assess whether, or which of, their opinions might be admissible in the second phase of trial. Plaintiffs' Motion *in Limine* to Exclude Reports and Testimony of State Farm's and Haag Engineering's Experts will be denied at this time as to any second phase of the trial, with leave to reassert at the appropriate point in the proceedings.

2.  <u>Motion *in Limine* to Exclude Any Expert Testimony Proffered by Timothy Marshall and/or Jim Wiethorn</u>

In this Motion *in Limine*, Plaintiffs seek exclusion of any expert testimony by Haag Engineering employees Timothy Marshall and/or Jim Wiethorn because neither was desginated by any party as an expert witness pursuant to Federal Rule of Civil Procedure 26(a)(2). In opposition to this Motion, Defendants State Farm and Mr. Saucier adopt the arguments of Haag Engineering, which is no longer a party to this action. Defendants state that Marshall performed the physical inspection of Plaintiffs' property and authored the Haag Engineering report. *See id.* at p. 1. Defendants contend that Wiethorn, a Mississippi licensed engineer, supervised Marshall and approved the report. *See id.* Defendants argue that

---

[2] State Farm is under a continuing duty to assess a claim even after suit is filed for nonpayment. *See, e.g., Gregory v. Continental Ins. Co.*, 575 So. 2d 534, 541 (Miss. 1990). By the same token, it may not look for a defense to deny a legitimate claim. *See, e.g., Reserve Life Ins. Co. v. McGee*, 444 So. 2d 803, 807-09 (Miss. 1983).

Marshall and Wiethorn, both professional engineers by trade, are fact witnesses who will testify regarding their observations and conclusions drawn by them in this case based upon their engineering knowledge, which will necessarily breach the line between lay and expert opinion testimony.  *See* Haag's Mem. in Opp'n [284-1], at pp. 1-4, 7.  Defendants do not contest that neither Marshall nor Wiethorn were designated as experts, as required by the Federal Rules of Civil Procedure.

The Court finds that Marshall and Wiethorn were acting as adjusters as part of the claim-investigation process, and that they are not "experts" for the purposes of this litigation.  *See Gunn v. Lexington Ins. Co.*, 2008 WL 2039543, *4 (S.D. Miss. May 12, 2008).  They may testify as fact witnesses to the extent that their testimony is relevant and otherwise admissible.  Defendants will be prohibited from eliciting any testimony which extends beyond the scope of permissible lay testimony and from characterizing or referring to Marshall and Wiethorn as "experts" during trial.  The Court is of the opinion that this Motion *in Limine* should therefore be granted to the extent that Marshall and Wiethorn are proffered as "experts" at any phase of trial.

3.   Motion *in Limine* to Exclude Video Evidence

With this Motion *in Limine,* Plaintiffs seek to prohibit introduction of certain videos taken during Hurricane Katrina, including, but not limited to, what Plaintiffs refer to as the Lestrade Video, the Carr Snug Harbor Video, and the Eagle Point/Tommy Luke Video.  Plaintiffs contend that none of these videos, which were produced by State Farm during discovery, are relevant, since they do not depict

events specific to what occurred at Plaintiffs' property.  *See* Mem. in Supp. of Mot. [233-1], at p. 1.  Plaintiffs also maintain that, even as demonstrative aids, the videos would be unfairly prejudicial under Federal Rule of Evidence 403.

The Court first notes that the parties have not submitted any of the referenced videos for its review.  However, based upon the representations of the parties, it is the Court's opinion that the videos should be excluded.  While classified as being within the "general vicinity" of Plaintiffs' property, it is apparently undisputed that these videos were taken somewhere between 15 and 27 miles away.  State Farm has not made a sufficient showing of similarity between the events depicted in the videos and what occurred at Plaintiffs' property.  The videos are therefore irrelevant and should be excluded from evidence.  *See* Fed. R. Evid. 401, 402.

The Court is also of the opinion that the videos would likely mislead and confuse a jury, and could improperly suggest that what happened in the videos necessarily took place at Plaintiffs' property.  Even if relevant to any issue in this case, the Court is of the opinion that the videos' probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, and that they are therefore inadmissible on this basis as well.  *See* Fed. R. Evid. 403.  Plaintiffs' Motion *in Limine* to exclude these videos will be granted.  Defendants are prohibited from introducing, mentioning, submitting evidence, or eliciting testimony regarding these videos, and will not be permitted use them as demonstrative aids.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiffs' Motion *in Limine* to Exclude Reports and Testimony of State Farm Fire and Casualty Company's and Haag Engineering's Experts [228-1] should be and is hereby **DENIED** as to both the first phase and any second phase of trial, with leave to reassert during any second phase.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiffs' Motion *in Limine* to Exclude Any Expert Testimony Proffered by Timothy Marshall and/or Jim Wiethorn [230-1] should be and is hereby **GRANTED**, and Timothy Marshall and Jim Wiethorn are excluded from testifying as expert witnesses in this matter.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiffs' Motion *in Limine* to Exclude Video Evidence [232-1] should be and is hereby **GRANTED**.

**SO ORDERED AND ADJUDGED**, this the 25th day of July, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE