**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **GEORGE FOWLER and** | § | |
| **CRISTINA FOWLER** | § | **PLAINTIFFS** |
| | § | |
| **V.** | § | **Civil No. 1:06CV489-HSO-RHW** |
| | § | |
| **STATE FARM FIRE &** | § | |
| **CASUALTY COMPANY and** | § | |
| **STEVE SAUCIER** | § | **DEFENDANTS** |

## ORDER AND REASONS GRANTING IN PART AND DENYING IN PART MOTIONS *IN LIMINE* NUMBERS 1 THROUGH 15 OF DEFENDANTS STATE FARM FIRE AND CASUALTY COMPANY AND STEVE SAUCIER

BEFORE THE COURT are the following Motions *in limine* filed by

Defendant State Farm Fire and Casualty Company ["State Farm"] in the above-

captioned cause on March 14, 2008:  for Phased Trial [238-1] ["Motion *in Limine* No.

1"]; to Preclude Evidence of or Reference to Fraud Claims [240-1] ["Motion *in

Limine* No. 2"]; to Preclude Interpretation of Policy Provisions, Mississippi Law

Principles and Wind/Water Claim Handling Protocol [242-1] ["Motion *in Limine* No.

3"]; to Preclude Evidence of Insurance Department Bulletins [244-1] ["Motion *in

Limine* No. 4"]; to Preclude Evidence of or Reference to Grand Jury/Governmental

Investigations [246-1] ["Motion *in Limine* No. 5"]; to Preclude Evidence of or

Reference to Motion to Change Venue [248-1] ["Motion *in Limine* No. 6"]; to Exclude

Evidence of Claim-Handling [249-1] ["Motion *in Limine* No. 7"]; to Exclude Evidence

of Out-of-State Conduct [251-1] ["Motion *in Limine* No. 8"]; to Exclude Witnesses

from Testifying as to the Conclusion of Fraud [253-1] ["Motion *in Limine* No. 9"]; to

Exclude the Testimony of Alexis "Lecky" King [255-1] ["Motion *in Limine* No. 10"]; to Exclude Evidence that Plaintiffs' Home was Completely Destroyed by Wind [257-1] ["Motion *in Limine* No. 11"]; to Exclude Evidence of Replacement Cost [259-1] ["Motion *in Limine* No. 12"]; to Preclude References to Edward Rust [261-1] ["Motion *in Limine* No. 13"]; to Preclude References to Gene Taylor [263-1] ["Motion *in Limine* No. 14"]; and to Preclude Hearsay Evidence, including Media Reports [265-1] ["Motion *in Limine* No. 15"].

Defendant Steve Saucier ["Mr. Saucier"] joined in each of these Motions on March 17, 2008 [268-1], [269-1], [270-1], [271-1], [272-1], [273-1], [274-1], [275-1], [276-1], [277-1], [278-1], [279-1], [280-1], [281-1], and [282-1]. Plaintiffs filed a Consolidated Response to Motions *in Limine* Numbers 1 through 15 [304-1] on April 11, 2008, and Defendants State Farm and Mr. Saucier filed a Consolidated Reply [312-1] on April 23, 2008. After seeking and receiving permission from the Court, Plaintiffs filed a Consolidated Sur-Reply in Opposition [326-1] to State Farm's Motions *in Limine* on June 6, 2008. After seeking and receiving further permission from the Court, Plaintiffs filed a Second Consolidated Sur-Reply in Opposition [337-1] to Motions *in Limine* Numbers 1, 2, 3, 7, and 8 on July 3, 2008. State Farm and Mr. Saucier, with leave of Court, filed a Reply [338-1] on July 11, 2008.

## I. <u>DISCUSSION</u>

A.   <u>Motion *in Limine* No. 1</u>

State Farm seeks to bifurcate the trial in this case. Plaintiffs agree that bifurcation is warranted under Mississippi law, but argue that, even in the first

phase of trial, they "are entitled to introduce extrinsic evidence to establish the bias to [sic] prejudice of all of State Farm's witnesses."  Pls.' Second Consolidated Sur-reply [337-1], at p. 6.  Plaintiffs also argue that testimony and other evidence of the investigation, process, and denial of a claim in a breach of insurance contract suit is admissible in the first phase of trial.  *See* Pls.' Second Consolidated Sur-reply [337-1], at p. 7.

The Court is of the opinion that State Farm's request for a phased trial, in accordance with Miss. Code Ann. § 11-1-65 (1972), should be granted, and the issue of punitive damages will be tried separately from other issues in the case, such as coverage, liability, and actual damages.  The first phase of trial will consist of determining whether there was indeed a breach of contract, as alleged by Plaintiffs, and if so, what damages, if any, other than punitive damages, Plaintiffs may be entitled to recover.  The Court is of the opinion that some evidence required to establish Plaintiffs' claims in the first phase may be related to claims handling.  If the Court determines that such evidence is relevant to Plaintiffs' specific claim(s) and is otherwise admissible, this evidence may be admitted during both the first and any second phase of the trial.  Plaintiffs may also present evidence of the purported bias of any witness who actually testifies in the first phase of trial, if the Court determines that it is relevant to Plaintiffs' specific claim and is otherwise admissible.  If Plaintiffs prevail in the first phase, then the second phase will consist of determining whether the denial of coverage was in bad faith and, if so, whether Plaintiffs are entitled to recover any punitive damages.  Any evidence

regarding State Farm's net worth would only be admissible in any second phase of trial.

B.     Motion *in Limine* No. 2

In this Motion, State Farm seeks to preclude any evidence, testimony, or argument relating or referring to Plaintiffs' claims for fraud and extra-contractual and punitive damages prior to a determination that coverage exists for Plaintiffs' claimed losses.  The Court is of the opinion that this Motion should be granted in part and denied in part.

In light of the Court's Order [322-1] granting State Farm and Mr. Saucier's Motion for Partial Summary Judgment [167-1] as to Plaintiffs' fraud claims, fraud is no longer an issue in the case and is not relevant to any remaining claims.  *See* Fed. R. Evid. 401, 402.  References to fraud would not only be irrelevant, but also highly prejudicial and confusing to a jury, and are of little to no probative value to the remaining claims.  *See* Fed. R. Evid. 403.  Plaintiffs shall make no reference to any alleged "fraud" during any portion of the trial.

Plaintiffs argue that they should be allowed to present evidence of conflicting engineering reports to the jury in the first, coverage phase of trial.  Plaintiffs maintain that any conflicting engineering reports are sufficient to cause a jury to question the accuracy of and bias inherent in those reports.  To the extent that there are conflicting engineering reports as to Plaintiffs' own property prepared by an engineering company hired by State Farm to render reports regarding Plaintiffs' claim, they may be relevant and appropriate for a jury to consider in the first phase

-4-

of trial, if otherwise admissible.  Such conflicting reports, if they relate to Plaintiffs' property, would go to the weight and credibility accorded by the jury to the evidence presented.

As for punitive damages, the Court has already determined that this case should be bifurcated for trial.  Because of the lack of relevancy and the potentially unduly prejudicial effect of allowing evidence, testimony, or argument relating or referring to Plaintiffs' claims for punitive damages in the first phase of trial, Plaintiffs are precluded from mentioning, submitting evidence, or eliciting testimony regarding their claims for punitive damages in the first phase of trial. Such evidence will be limited to any second phase of trial.  Plaintiffs are not, however, precluded from mentioning the prospect of punitive damages in jury *voir dire*, but solely for the purpose of inquiring whether prospective jurors would be willing to consider an award of punitive damages if such an award is justified based upon the evidence and the law, as instructed by the Court.

With respect to extra-contractual damages, the Court is of the opinion that State Farm's Motion should be denied.  As the Fifth Circuit has recently noted, extra-contractual damages, such as attorneys' fees and certain other expenses, are available when an insurance company has tortiously breached its contract, and are an alternative to punitive damages when bad faith has not been shown.  *See Essinger v. Liberty Mut. Fire Ins. Co.,* --- F.3d ----, 2008 WL 2631047, *1 (5th Cir. July 7, 2008) ["*Essinger* II"]; *Essinger v. Liberty Mut. Fire Ins. Co.*, 529 F.3d 264, 270 (5th Cir. 2008) ["*Essinger* I"].  "When an insurance company breaches its

contract with an insured but does not do so in a way that is so egregious as to permit the recovery of punitive damages . . ., the insured in some circumstances will have a right to attorneys' fees and other expenses that were reasonably foreseeable." *Essinger* I, 529 F.3d at 270; *see also Broussard v. State Farm Fire and Cas. Co.*, 523 F.3d 618, 628 (5th Cir. 2008); *United American Ins. Co. v. Merrill*, 978 So. 2d 613, 630 (Miss. 2007); *Universal Life Ins. Co. v. Veasley*, 610 So. 2d 290, 295 (Miss. 1992).

The text of Miss. Code Ann. § 11-1-65 (1972) speaks only to the bifurcation of punitive damages claims into a second phase. It does not mention extra-contractual damages. The Court is therefore of the opinion that evidence relevant to any claim for extra-contractual damages may be relevant to issues that will be addressed in the first phase of trial, and therefore, this portion of State Farm's Motion will be denied.

In sum, evidence, testimony, or argument relating or referring to Plaintiffs' claims for fraud will be prohibited in the first and any second phase of trial, while those relating or referring to Plaintiffs' claims for punitive damages prior to a determination that coverage exists for Plaintiffs' claimed losses will be prohibited in the first phase of trial, except for *voir dire*. Evidence, testimony, or argument relating or referring to Plaintiffs' claim for extra-contractual damages will be allowed in the first phase of trial.

C.    Motion *in Limine* No. 3

State Farm seeks to preclude any evidence, testimony, or argument relating or referring to the meaning or interpretation of any provision in Plaintiffs' homeowners' policy, the interpretation of principles of Mississippi law and legal issues, and State Farm's Wind/Water Claim Handling Protocol.  Plaintiffs state that they have no intention of offering evidence interpreting principles of Mississippi law or relating to the meaning or interpretation of their homeowners' policy provisions. *See* Pls.' Second Consolidated Sur-reply [337-1], at p. 10.

With respect to the meaning or interpretation of any provisions of Plaintiffs' homeowners' policy and the interpretation of principles of Mississippi law or other legal issues, the Court is of the opinion that these are questions of law for the Court to resolve.  Independent expert testimony regarding the interpretation of policy provisions or Mississippi law is not appropriate, as such issues are solely within the province of the Court, not the jury.  The Court will grant this Motion as to those issues, and the parties will be prohibited from mentioning, submitting evidence, or eliciting testimony regarding the meaning or interpretation of any provision in Plaintiffs' homeowners' policy or the interpretation of principles of Mississippi law and legal issues.

As for evidence of State Farm's claims-handling guidelines or procedures and the Wind/Water Claim Handling Protocol, the Court is of the opinion that these documents may be admissible, but only if Plaintiffs can establish that these

-7-

documents were part of the process of adjusting these Plaintiffs' particular claim, or were part of the rules and procedures that applied to a category of claims that includes Plaintiffs' claim.  *See Eleuterius v. State Farm Fire and Cas. Co.,* 2007 WL 1875925, *2 (S.D. Miss. June 19, 2007).  The State Farm Wind/Water Claim Handling Protocol, and any similar documents that embody adjustment rules or procedures, will be admissible in the first phase of the trial, but only if Plaintiffs can establish that the document being offered was applicable to the adjustment of their individual claim or to a category of claims that includes their claim.  *See id.* State Farm's Motion *in Limine* No. 3 should be granted in part and denied in part at this time as to the first phase, and any second phase, of trial, without prejudice to its right to reassert if Plaintiffs do not make the requisite threshold showing as described herein.

D.      Motion *in Limine* No. 4

State Farm seeks to exclude evidence relating to bulletins issued by the Mississippi Department of Insurance relating to the adjustment of Hurricane Katrina claims and correspondence between State Farm and the Mississippi Department of Insurance.  The Court finds that the bulletins, any related correspondence, and similar documents prepared and used by State Farm in adjusting or evaluating Plaintiffs' claim, may be admissible in the first phase of trial and any second phase of trial, but only if Plaintiffs can establish that State Farm responded to them in one manner and acted in another manner, or if State

Farm raises reliance on these documents for other purposes at trial. *See Huynh v. State Farm Fire and Cas. Co.*, 2008 WL 80759, *1 (S.D. Miss. Jan. 7, 2008)*; Killeen v. State Farm Fire and Cas. Co.*, 2007 WL 1725428, *1 (S.D. Miss. June 12, 2007). State Farm's Motion *in Limine* No. 4 should be denied at this time as to the first phase, and any second phase, of trial, without prejudice to its right to reassert if Plaintiffs do not make the requisite threshold showing described above.

E.     Motion *in Limine* No. 5

State Farm seeks to preclude evidence of or reference to any grand jury proceedings or governmental investigations of the actions of State Farm following Hurricane Katrina.  The Court is of the opinion that such evidence would not be relevant, and that any probative value of such evidence is substantially outweighed by the danger it presents of unfair prejudice, confusion of issues, or misleading the jury.  *See* Fed. R. Evid. 401, 402, 403.  Motion *in Limine* No. 5 should therefore be granted.  Plaintiffs will be prohibited from mentioning, submitting evidence, or eliciting testimony regarding any grand jury proceedings or governmental investigations of State Farm following Hurricane Katrina.

F.     Motion *in Limine* No. 6

State Farm seeks to preclude evidence of or reference to its Motion to Change Venue [170-1], which was denied by this Court by Order [220-1] dated December 5, 2007.  The Court is of the opinion that this evidence would not be relevant, and that any probative value of such evidence is substantially outweighed by the danger it

presents of unfair prejudice, confusion of issues, or misleading the jury.  *See* Fed. R.
Evid. 401, 402, 403.  State Farm's Motion *in Limine* No. 6 will be granted.
Plaintiffs will be prohibited from mentioning, submitting evidence, or eliciting
testimony regarding State Farm's Motion to Change Venue [170-1] or this Court's
Order [220-1] denying said Motion.

G.    Motion *in Limine* No. 7

State Farm requests the exclusion of evidence regarding its claims-handling
of property losses other than Plaintiffs', and of evidence of purportedly "fraudulent"
engineering reports regarding other properties.  The Court is of the opinion that the
adjustment of any claim outside the immediate vicinity of Plaintiffs' property would
not be relevant to the issues in this case.  *See* Fed. R. Evid. 401, 402.  Likewise, the
Court is of the opinion that adjustments made by State Farm employees or
representatives who were not involved in the adjustment of Plaintiffs' claim would
not be relevant.  *See* Fed. R. Evid. 401, 402.  Further, any probative value of such
evidence is substantially outweighed by the danger it presents of unfair prejudice,
confusion of issues, or misleading the jury.  *See* Fed. R. Evid. 403.  However, if
Plaintiffs can make a threshold showing of relevance, evidence regarding any
conclusions by State Farm as to causation of damages sustained in Hurricane
Katrina at properties in the immediate vicinity of Plaintiffs' property may be
admissible in the first phase of trial.  The actions taken by State Farm adjusters
and supervisors who participated in the handling of Plaintiffs' claims, or those of

-10-

other properties State Farm insured in the immediate vicinity of the Plaintiffs'

residence, may also be relevant in any second phase of trial as to the evaluation and

adjustment of Plaintiffs' claim.

Plaintiffs contend that they should be allowed to present evidence regarding

the claims-handling of other properties and the issuance of allegedly "fraudulent"

engineering reports regarding other properties.  *See* Pls.' Consolidated Second Sur-

reply [337-1], at p. 13.  Plaintiffs maintain that this evidence will show a purported

bias of engineers hired by State Farm to evaluate their property.  The Court is of

the opinion that Plaintiffs may cross-examine expert witnesses and present

evidence to the extent that there are conflicting engineering reports as to Plaintiffs'

own property by an engineering company that State Farm hired in relation to this

case or Plaintiffs' claim.  The Court finds such evidence may be relevant and

appropriate for a jury to consider in the first phase of trial, if otherwise admissible.

Such conflicting reports related to Plaintiffs' property would go to the weight and

credibility accorded by the jury to the evidence presented.  However, the Court finds

that the probative value of purportedly conflicting engineering reports for other

properties, even if otherwise admissible, is substantially outweighed by the danger

it presents of unfair prejudice, confusion of issues, or misleading the jury.  *See* Fed.

R. Evid. 403; *see also* Section I(B) *supra* (precluding references to "fraud" during

any phase of the trial).

Motion *in Limine* No. 7 will be granted, but Plaintiffs may seek leave of

Court to admit evidence regarding coverage or causation at specific State Farm-insured and adjusted properties in the immediate vicinity of Plaintiffs' property during the first phase of trial.  However, Plaintiffs will be prohibited from mentioning, submitting evidence, or eliciting testimony regarding the claims-handling of any property losses other than Plaintiffs', except as may later be permitted by the Court in any second phase of trial, and Plaintiffs will be prohibited from mentioning, submitting evidence, or eliciting testimony regarding any purportedly "fraudulent" engineering reports regarding other properties.

H.      Motion *in Limine* No. 8

State Farm seeks to exclude evidence of its out-of-state conduct.  The Court is of the opinion that any out-of-state conduct that did not involve the adjustment of Plaintiffs' specific property claim would not be relevant to the issues in this case. *See* Fed. R. Evid. 401, 402.  Moreover, any probative value of such evidence is substantially outweighed by the danger it presents of unfair prejudice, confusion of issues, or misleading the jury.  *See* Fed. R. Evid. 403.

Plaintiffs also seek admission of the out-of-state conduct at any second phase of trial.  Even if the trial reaches a punitive damage phase, a court may not impose punitive damages to punish or deter conduct by a defendant that occurred in other states. *See State Farm Mutual Automobile Insurance Co. v. Campbell,* 538 U.S. 408, 420-22 (2003); *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 572-73 (1996). Evidence of any such conduct, even during a second phase of trial, would not be

relevant, and any probative value would be substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury.  *See* Fed. R. Evid. 403.

There are also significant due process concerns with allowing admission of any out-of-state conduct.  *See Campbell,* 538 U.S. at 420-22; *Gore*, 517 U.S. at 572-73.  Plaintiffs cite *Philip Morris USA v. Williams,* 127 S.Ct. 1047 (U.S. 2007), for the proposition that a jury may take into account out-of-state conduct in assessing reprehensibility of, but not punishment for, a defendant's conduct for purposes of determining an award of punitive damages.  *See* Resp. at pp. 23-24. The purported conduct at issue in this case is State Farm's adjustment of Plaintiffs' claim, and the Court is of the opinion that only evidence related to harm to Plaintiffs is relevant to this inquiry, not harm to strangers to the litigation.

The Court also is persuaded that out-of-state conduct by State Farm should be excluded because of the significant and obvious differences in insurance regulations and punitive damages statutes or guidelines in different states. Punitive damages awards in Mississippi are governed by Mississippi Code § 11-1-65.  Mississippi courts view the assessment of penal damages and of punitive damages as functional equivalents.  *See Richardson v. Canton Farm Equipment, Inc.*, 608 So. 2d 1240, 1256 (Miss. 1992); *see also Browning-Ferris Industries of Vermont, Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 297 (1989) (O'Connor, J., concurring in part and dissenting in part) (noting that the Supreme "Court's cases

abound with the recognition of the penal nature of punitive damages") (internal citations omitted); *Smith v. Tower Loan of Mississippi, Inc.*, 216 F.R.D. 338, 370 (S.D. Miss. 2003) (noting that, in a request for approval of class action settlement, punitive damages serve penal and deterrent purposes).  In general, penal statutes, such as Mississippi's punitive damages statute, must be narrowly construed.  *See, e.g., Donald v. Amoco Production Co.*, 735 So. 2d 161, 173 (Miss. 1999) (solid waste disposal violation penalties statute)*; McFadden v. Mississippi State Bd. of Medical Licensure*, 735 So. 2d 145, 152 (Miss. 1999) (physicians' license denial, suspension, or revocation statute); *Saik v. State ex rel. Mississippi Bureau of Narcotics*, 473 So. 2d 188, 191 (Miss. 1985) (forfeiture statute); *Tolbert v. Southgate Timber Co.*, 943 So. 2d 90, 94 (Miss. Ct. App. 2006) (deforestation tort statute).

Finally, to the extent that Plaintiffs seek to introduce evidence of purported conspiracies, fraudulent engineering reports, and fraudulent claim denials in other states, because Plaintiffs' fraud and conspiracy claims have all been dismissed, any evidence on these subjects is irrelevant to the issues remaining in this case.  *See* Fed. R. Evid. 401, 402.

Plaintiffs also contend that the Court should not exclude evidence of out of state conduct involving State Farm because showing such purported conduct would establish bias.  The Court is of the opinion that the probative value of such evidence, even if otherwise admissible, is substantially outweighed by the danger it presents of unfair prejudice, confusion of issues, or misleading the jury.  *See* Fed. R.

Evid. 403.  The evidence referred to by Plaintiffs apparently consists of cases in other jurisdictions which involved different policies issued by different companies than the State Farm entity which is the Defendant in this case.  Nor is the Court persuaded that the cases referenced by Plaintiffs are so numerous as to constitute habit or routine as those terms are contemplated by Federal Rule of Evidence 406.

State Farm's Motion *in Limine* No. 8 will be granted.  Plaintiffs will be prohibited from mentioning, submitting evidence, or eliciting testimony regarding State Farm's out-of-state conduct.

I.     Motion *in Limine* No. 9

State Farm seeks to preclude witnesses from testifying as to the legal conclusion that fraud was committed, and to preclude witnesses and attorneys for Plaintiffs from characterizing the conduct of State Farm as "fraud."  The Court is of the opinion that the question of fraud is a legal conclusion.  In addition, because all of Plaintiffs' claims based on fraud have been dismissed, references to fraud are irrelevant, and any probative value that they might have is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury.  *See* Fed. R. Evid. 401, 402, 403.

State Farm's Motion *in Limine* No. 9 will be granted.  Plaintiffs will be prohibited from stating or from eliciting testimony that states that State Farm's conduct was "fraud," or that State Farm "defrauded" Plaintiffs.

J.      Motion *in Limine* No. 10

State Farm seeks to preclude Plaintiffs and their counsel from introducing or making reference to the testimony of Alexis "Lecky" King.  Ms. King, an employee of State Farm, invoked her Fifth Amendment privilege against self-incrimination (except to state her name) in at least one deposition taken in a Hurricane Katrina-related case.  Other than one clerical note made in Plaintiffs' file, there is no evidence that Ms. King is one of the employees who had any personal involvement in the handling of Plaintiffs' insurance claim.  Her testimony, therefore, is totally irrelevant to Plaintiffs' claims.  *See* Fed. R. Evid. 401, 402.  Moreover, any limited probative value of Ms. King's testimony is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.  *See* Fed. R. Evid. 403.

State Farm's Motion *in Limine* No. 10 will be granted.  Plaintiffs will be prohibited from mentioning, submitting evidence, or eliciting testimony regarding the deposition or testimony of Ms. King or any of her purported conduct, including the fact that she invoked her Fifth Amendment privilege.

K.      Motion *in Limine* No. 11

State Farm requests exclusion of any testimony or evidence, in the form of expert opinions or otherwise, to the effect that Plaintiffs' residence was completely destroyed by the force of wind during Hurricane Katrina.  State Farm contends that Plaintiffs were paid and accepted policy limits in the amount of $134,100.00 under

their flood insurance policy for their dwelling, and $24,500.00 under that policy for its contents.  Plaintiffs do not dispute that they accepted these payments.

"Once an insurance payment is made and accepted, this act establishes, as an admission by both the insurer and the insured, that the insured's losses were caused by an event covered by the policy under which the payment is made, at least to the extent of the amount paid and accepted."  *See Robichaux v. Nationwide Mut. Ins. Co.*, 2007 WL 2783325, *3 (S.D. Miss. Sept. 21, 2007).  Because Plaintiffs' receipt of flood insurance benefits constitutes an admission that flood damage occurred, the Court is of the opinion that, consistent with other opinions of this Court, Plaintiffs are precluded from denying that at least the amount of damage represented by the flood insurance payments was caused by flooding.

State Farm's Motion *in Limine* No. 11 will be granted.  Plaintiffs will be prohibited from mentioning, submitting evidence, or eliciting testimony, in the form of expert opinions or otherwise, to the effect that Plaintiffs' property was completely destroyed by the force of wind during Hurricane Katrina.

L.      Motion *in Limine* No. 12

State Farm seeks to exclude any evidence, testimony, or argument relating or referring to the amount it would cost to replace or rebuild Plaintiffs' property.  It is clear from the face of their homeowners' insurance policy that Plaintiffs may only recover replacement cost, "when the repair or replacement is actually completed."  *See* Homeowners' Policy, at p. 22, attached as Ex. "A" to Mot. *in Limine* No. 12.

-17-

Because it is undisputed that Plaintiffs have not rebuilt their property, evidence of or reference to "replacement cost" is irrelevant and speculative, and therefore inadmissible. *See* Fed. R. Evid. 401, 402.  The probative value of any such evidence is further substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.  *See* Fed. R. Evid. 403.

State Farm's Motion *in Limine* No. 12 will be granted.  Plaintiffs will be prohibited from mentioning, submitting evidence, or eliciting testimony regarding "replacement cost," or estimating the amount it would cost to replace or rebuild their property.

M.     Motion *in Limine* No. 13

State Farm seeks to prohibit Plaintiffs, their counsel, and their witnesses from making references to Edward B. Rust, Jr., State Farm's President, Chief Executive Officer, and Chairman of the Board, and to prevent Plaintiffs from calling him as a witness at trial, whether live or by deposition.

In this Court's Order [29-1] of September 19, 2006, Mr. Rust was dismissed as a party to this case for lack of jurisdiction.  As the Court recognized in its accompanying Memorandum Opinion [28-1], and as Mr. Rust stated in an affidavit attached to his Motion to Dismiss, he had no involvement in the purchase, issuance, or renewal of Plaintiffs' homeowners' insurance policy, nor was he involved in the handling of Plaintiffs' claims and their subsequent denial.  Other than letters sent by Plaintiffs expressing their discontent that were apparently received by Mr. Rust,

there is no evidence that Mr. Rust has had any other personal involvement in Plaintiffs' claim or its denial.

Because Mr. Rust is no longer a party to this case and was not involved in the handling of Plaintiffs' claim, the Court is of the opinion that Mr. Rust's testimony would be entirely irrelevant.  *See* Fed. R. Evid. 401, 402.  Any reference to or testimony from Mr. Rust regarding purported company-wide fraud would also be irrelevant because Plaintiffs' fraud-based claims have been dismissed.  *See id.* Moreover, the probative value of any such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.  *See* Fed. R. Evid. 403.

State Farm's Motion *in Limine* No. 13 will be granted.  Plaintiffs will be prohibited from mentioning, submitting evidence regarding, or eliciting testimony from, Mr. Rust.

N.   Motion *in Limine* No. 14

State Farm seeks to preclude Plaintiffs, their counsel, and their witnesses from making references to U.S. Congressman Gene Taylor, and to prevent Plaintiffs from calling him as a witness at trial.  Plaintiffs contend that Congressman Taylor is knowledgeable of State Farm's post-Katrina behavior in South Mississippi, and that he has received complaints from his constituents regarding State Farm's alleged behavior.  Plaintiffs apparently copied Congressman Taylor on all letter correspondence that Plaintiff George Fowler sent to Mr. Rust, and Plaintiffs allege

that Mr. Fowler consulted with Congressman Taylor about State Farm's conduct as it relates to Plaintiffs' claim.  Plaintiffs also contend that Congressman Taylor spoke with Mr. Rust regarding the concerns of his constituents and that his testimony regarding Mr. Rust's statements would not be hearsay, including as to Mr. Fowler's claim.  *See* Resp., at p. 40.

There is no indication that Congressman Taylor is knowledgeable of, or will testify regarding, the actual adjustment of Plaintiffs' claim, nor is there any evidence Congressman Taylor actually spoke with Mr. Rust about the adjustment of Plaintiffs' claim.  Because all of Plaintiffs' fraud claims have been dismissed, the testimony that Plaintiffs seek to elicit from Congressman Taylor, as indicated in their Response, is not relevant to their remaining claims, and is, therefore, inadmissible.  *See* Fed. R. Evid. 401, 402.  Moreover, the probative value of any such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.  *See* Fed. R. Evid. 403.

State Farm's Motion *in Limine* No. 14 will be granted.  Plaintiffs will be prohibited from mentioning, submitting evidence regarding, or eliciting testimony from Congressman Taylor.

O.     Motion *in Limine* No. 15

State Farm asks the Court to preclude Plaintiffs and their counsel and witnesses from introducing evidence of or making reference to any hearsay evidence, including media reports.  Plaintiffs stipulate in their Response that "the

media reports referred to in Defendant's Motion [265,266] will not be offered for the truth of the matter asserted but reserve their right to use media reports to impeach Defendants' witnesses in accordance with the Federal Rules of Evidence." *See* Resp. at p. 42.

The Federal Rules of Evidence will be followed during the trial of this matter. The Court is of the opinion that media reports are obviously hearsay evidence and are not admissible. *See* Fed. R. Evid. 802; *Roberts v. City of Shreveport*, 397 F.3d 287, 295 (5th Cir. 2005). The Court is further of the opinion that these reports are not relevant to the adjustment of Plaintiffs' claim, and are not admissible evidence for this reason as well. *See* Fed. R. Evid. 401, 402. Moreover, any probative value of this evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. *See* Fed. R. Evid. 403.

As for utilizing the reports for impeachment purposes, the Court is of the opinion that permitting Plaintiffs to use media reports of State Farm's activities to impeach its witnesses would allow an exception to the hearsay rule to swallow the rule itself. There is no indication that the reporter(s) who wrote the article(s) in question will be available for cross-examination regarding the veracity or accuracy of the statements in each article attributed to State Farm, and for this reason, there is also a lack of sufficient indicia of trustworthiness in the articles.

State Farm's Motion *in Limine* No. 15 will be granted. Plaintiffs will be prohibited from mentioning, submitting evidence regarding, or eliciting testimony

regarding media reports at trial, and from utilizing such articles for impeachment purposes.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant State Farm's Motion *in Limine* No. 1 for Phased Trial [238-1], No. 5 to Preclude Evidence of or Reference to Grand Jury/Governmental Investigations [246-1], No. 6 to Preclude Evidence of or Reference to Motion to Change Venue [248-1], No. 7 to Exclude Evidence of Claim-Handling [249-1], No. 8 to Exclude Evidence of Out-of-State Conduct [251-1], No. 9 to Exclude Witnesses from Testifying as to the Conclusion of Fraud [253-1], No. 10 to Exclude the Testimony of Alexis "Lecky" King [255-1], No. 11 to Exclude Evidence that Plaintiffs' Home was Completely Destroyed by Wind [257-1], No. 12 to Exclude Evidence of Replacement Cost [259-1], No. 13 to Preclude References to Edward Rust [261-1], No. 14 to Preclude References to Gene Taylor [263-1], and No. 15 to Preclude Hearsay Evidence, including Media Reports [265-1] all should be and are hereby **GRANTED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendant State Farm's Motion *in Limine* No. 2 to Preclude Evidence of or Reference to Fraud Claims [240-1], should be and is hereby **GRANTED IN PART,** as to any punitive damages and fraud claims, and **DENIED IN PART**, as to any extra-contractual damages claim.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendant State Farm's Motion *in Limine* No. 3 to Preclude Interpretation of Policy Provisions,

Mississippi Law Principles and Wind/Water Claim Handling Protocol [242-1] should be and is hereby **DENIED IN PART** as to the Wind/Water Claim Handling Protocol, without prejudice to State Farm's right to reassert if Plaintiffs do not make the requisite threshold showing described herein, and **GRANTED IN PART** as to interpretation of policy provisions and Mississippi law principles.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendant State Farm's Motion *in Limine* No. 4 to Preclude Evidence of Insurance Department Bulletins [244-1] should be and is hereby **DENIED** at this time, without prejudice to State Farm's right to reassert if Plaintiffs do not make the requisite threshold showing described herein.

**SO ORDERED AND ADJUDGED**, this the 25th day of July, 2008.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE