IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| GEORGE FOWLER and | § | |
| CRISTINA FOWLER | § | PLAINTIFFS |
| | § | |
| V. | § | Civil No. 1:06CV489-HSO-RHW |
| | § | |
| STATE FARM FIRE & | § | |
| CASUALTY COMPANY and | § | |
| STEVE SAUCIER | § | DEFENDANTS |

**ORDER AND REASONS DENYING
PLAINTIFFS' MOTION FOR RECONSIDERATION**

BEFORE THE COURT is the Motion of Plaintiffs George and Cristina Fowler ["Plaintiffs"], filed on August 6, 2008, for Reconsideration [375-1] of this Court's Order [372-1], which granted in part and denied in part Motions *in Limine* Numbers 1 Through 15 of Defendants State Farm Fire & Casualty Company ["State Farm"] and Steve Saucier [collectively, "Defendants"].  After consideration of Plaintiffs' submissions, the record in this case, and the relevant legal authorities, and for the reasons discussed below, the Court finds that Plaintiffs' Motion for Reconsideration must be denied.

I. DISCUSSION

On July 25, 2008, the Court entered an Order [372-1] granting in part and denying in part Motions *in Limine* Numbers 1 Through 15 of Defendants.  On August 6, 2008, Plaintiffs filed the present Motion for Reconsideration.  Plaintiffs specifically seek reconsideration of the portion of the Order which granted State Farm's Motion *in Limine* No. 10 and stated that "Plaintiffs will be prohibited from

mentioning, submitting evidence, or eliciting testimony regarding the deposition or testimony of Ms. King or any of her purported conduct, including the fact that she invoked her Fifth Amendment privilege." *See* Order [372-1], at p. 16.

While the Federal Rules of Civil Procedure do not explicitly recognize motions for reconsideration, courts evaluate them under either Rule 59(e), as motions "to alter or amend judgment," or Rule 60(b), motions for "relief from judgment." *See Rogers v. KBR Technical Services, Inc.*, 2008 WL 2337184, *5 (5th Cir. June 9, 2008) (*citing Lavespere v. Niagara Mach. & Tool Works*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds*); *Trautmann v. Cogema Mining, Inc.,* No. 5:04-cv-117, 2007 WL 2670093, *2 (S.D. Tex. Sept. 7, 2007) (*citing Lavespere*, 910 F.2d at 173). Because the Motion was served within ten days of the Court's Order, as prescribed by Federal Rules of Civil Procedure 59(e) and 6(a)(2), the Court reviews it pursuant to Rule 59(e). *See Rogers*, 2008 WL 2337184, at *5 (*citing Lavespere*, 910 F.2d at 173). Rule 59(e) motions are subject to the considerable discretion of the district judge. *See Lavespere*, 910 F.2d at 174.

Under Federal Rule of Civil Procedure 59(e), there are "only three possible grounds for any motion for reconsideration: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent a manifest injustice." *Nationwide Mut. Fire Ins. Co. v. Pham*, 193 F.R.D. 493, 494 (S.D. Miss. 2000) (*quoting Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S. D. Miss. 1990)). Plaintiffs' Motion for

Reconsideration seeks relief under the third prong of the aforementioned standard. *See* Mot. for Reconsideration, at p. 1 n.3.

"This motion 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Worrell v. Houston Can! Academy*, 2008 WL 2753405, *6 (5th Cir. July 16, 2008) (*quoting Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). A motion for reconsideration "is not a proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (*citing Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Nor is a motion for reconsideration "intended to give an unhappy litigant one additional chance to sway the judge." *Atkins*, 130 F.R.D. at 626 (*quoting Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977)). The Fifth Circuit has instructed that "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

Plaintiffs contend that the Court erred in its determination that Ms. King's testimony, or more specifically, her assertion of her Fifth Amendment privilege, in her deposition, was irrelevant and inadmissible pursuant to Federal Rules of Evidence 401 and 402, and that any probative value of her testimony was substantially outweighed by the dangers of unfair prejudice, confusion of the issues, and misleading the jury pursuant to Federal Rule of Evidence 403. *See* Mot. for

Reconsideration, at p. 1; Order [372-1], at p. 16.  In their Motion, Plaintiffs draw the Court's attention to the fact that, unlike some other Hurricane Katrina cases where Ms. King's testimony has been excluded, Ms. King was deposed and asserted her Fifth Amendment privilege in this particular case.  *See* Mot. for Reconsideration, at pp. 2-3.  This evidence and argument was before the Court, and the Court considered it in deciding Defendants' original Motion *in Limine* No. 10.

Having reconsidered the arguments advanced by Plaintiffs, the Court is not persuaded that any of Ms. King's testimony is admissible in this case.  Even assuming any adverse inference drawn from Ms. King's refusal to testify could be relevant to the remaining claims in this case, which the Court does not find, the Court remains of the opinion that the probative value of Ms. King's testimony, to the extent there is any, is substantially outweighed by the dangers of unfair prejudice, confusion of the issues, and misleading the jury, pursuant to Federal Rule of Evidence 403.

Plaintiffs also contend that the Order [189-1] of United States Magistrate Judge Robert H. Walker of October 25, 2007, somehow implicates Ms. King's involvement in the handling of Plaintiffs' claim denial.  *See* Mot. for Reconsideration, at p. 3.  While Judge Walker did grant Plaintiffs' Motion to Compel [139-1] State Farm to produce Alexis King for deposition, *see* Order [189-1], decisions addressing matters in discovery do not establish that evidence is necessarily admissible at trial under the Federal Rules of Evidence.  *See Railroad*

*Management Co., L.L.C. v. CFS Louisiana Midstream Co.*, 428 F.3d 214, 221 (5th Cir. 2005) (holding that "[n]ot all discoverable material is admissible").  That is a separate determination, one this Court resolved in its Order [372-1] granting Defendants' Motion *in Limine* on this subject.

Plaintiffs have not demonstrated any "manifest errors of law or fact" or presented any "newly discovered evidence."  The Court is of the opinion that Plaintiffs' Motion for Reconsideration presents no evidence or arguments that were not or could not have been raised in their Response to Defendant's Motion for Summary Judgment, or that have not been previously considered by the Court.  Denial of the Motion for Reconsideration is therefore appropriate.  *See Worrell*, 2008 WL 2753405, at *6; *see also Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003) (*quoting Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).  The Court is of the opinion that it properly granted Defendants' Motion *in Limine* No. 10.

## II.  CONCLUSION

After careful consideration of the instant Motion, the pleadings on file, and the relevant legal authorities, the Court finds that Plaintiffs have not shown that the Court committed a clear error in, or that manifest injustice will result from, its finding that Defendants' Motion *in Limine* No. 10 should be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiffs' Motion for Reconsideration [375-1] of this Court's Order [372-1], which granted in

part and denied in part Defendants' Motions *in Limine* Numbers 1 Through 15, should be and is hereby **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 8th day of August, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE